IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.　8:26-MJ-116 (GLF) |
| | | 　　　　　　　8:26-CR-223 (MAD) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Ivan Chavez Rosas,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The government respectfully requests a sentencing with the defendant's resulting guidelines range. The defendant unlawfully re-entered the United States after having been previously removed. The requested sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553.

## INTRODUCTION AND FACTUAL BACKGROUND

On July 21, 2026, the defendant is expected to plead guilty, without a plea agreement, to a single-count information charging Illegal Re-Entry, in violation of 8 U.S.C. § 1326(a). Count 1 of the information charges that, on or about May 24, 2026, in Clinton County in the Northern District of New York, the defendant, an alien, native, and citizen of Mexico, who had been removed from the United States, was thereafter found in the United States near Churubusco, New York, without having obtained the express consent of the Attorney General, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1. **Statutory Maximum Sentences**

   a. **Illegal Re-Entry**

The defendant's conviction on Count 1 of the information for Illegal Re-Entry subjects him

to a statutory maximum term of 2 years of imprisonment. 8 U.S.C. § 1326(a). Conviction on Count 1 also subjects the defendant to a maximum statutory fine of $250,000, pursuant to 18 U.S.C. § 3571(b)(3), and a maximum term of supervised release of up to one year, pursuant to 18 U.S.C. § 3583(b)(3). A special assessment of $100 shall also be imposed. 18 U.S.C. § 3013(2)(a).

**2.** **Guidelines Provisions**

**a.** **Base Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction is eight (8). U.S.S.G. § 2L1.2(a).

**b.** **Acceptance of Responsibility**

The government believes that the defendant is entitled to a two-level downward adjustment of the offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). Based on the information currently in the possession of the government, the government also believes that the defendant meets the criteria at U.S.S.G. §§ 4C1.1(a)(1)-(10) resulting in a two-level reduction to the offense level pursuant to U.S.S.G. §§ 4C1.1(a) and (b).

**c.** **Criminal History Category**

Based on the pretrial services report prepared in the above case, the government estimates the defendant's criminal history category to be I.

**d.** **Guideline Range and Sentence**

Based on the information outlined above, the government estimates that the total adjusted offense level is four (4) and the defendant's criminal history category is I. Accordingly, absent any departures, the federal sentencing guidelines advise that the defendant should receive a term of imprisonment between 0 and 6 months. U.S.S.G. Ch. 5, Pt. A.

**GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully requests that the Court sentence the defendant to a term of imprisonment within the resulting Guidelines range. Such a sentence would adequately reflect the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence, particularly:

    (1)    the nature and circumstances of the offense and the characteristics of the defendant;

    (2)    the need for the sentence imposed—
        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B)    to afford adequate deterrence to criminal conduct; [and]
        (C)    to protect the public from further crimes of the defendant.

The sentence recommended within the Guideline range is sufficient, but not greater than necessary, to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable guidelines range on a ground not previously identified by the parties, the parties are entitled to notice and an opportunity to respond. Fed R. Crim. P. 32(i)(1)(c) and 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte*

communications received by the Court in connection with sentencing, except for the confidential

sentencing recommendations submitted by the United States Probation Office.

Dated:  July 20, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:  _____

Michael J. Whalen
Assistant United States Attorney
Bar Roll No. 704276